UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMARCUS POOLE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-842-JD-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Demarcus Poole, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Poole alleges that, on July 21, 2021, he was in his cell, sitting on the corner of his bed, and talking to Sgt. Stoval. They got into a heated argument. Then, Sgt. Stoval suddenly sprayed Poole in the face with mace. Sgt. Stoval then left Poole in his cell and refused to take him for a decontamination shower. Poole waited for four days to shower.

Poole sues Sgt. Stoval for using excessive force against him and cruel and unusual punishment. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Poole the benefit of the inferences to which he is entitled at this stage of the case, his allegations state a claim against Sgt. Stoval.

Poole has also sued two grievance specialists, Mark Newkirk and Josh Wallen, because he is unhappy with how his grievances related to the incident with Sgt. Stoval were handled. Mr. Cope has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he may not proceed against Mark Newkirk and Josh Wallen.

Finally, Poole has sued Warden Ron Neal. Poole alleges that Warden Neal failed to train his staff, including Sgt. Stoval, Mark Newkirk, and Josh Wallen, and that the failure to train led to his rights being violated. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to

train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." The only constitutional violation that Poole's complaint plausibly alleges is that Sgt. Stoval violates the Eighth Amendment when he sprayed him with mace and denied him a shower. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Poole has not included facts in his complaint from which it can be plausibly inferred that Sgt. Stoval's actions were part of a pattern of constitutional violations to which Warden Neal acquiesced. Therefore, he may not proceed against Warden Neal.

For these reasons, the court:

(1) GRANTS Demarcus Poole leave to proceed against Sgt. Stoval in his individual capacity for compensatory and punitive damages for spraying him with mace not in a good-faith effort to maintain or restore discipline, but maliciously and

sadistically to cause harm and then denying him a shower to remove the mace on July 21, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal, Mark Newkirk, and Josh Wallen;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Stoval at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Stoval to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 22, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT