UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMARCUS POOLE,

Plaintiff,

v.                                                    CAUSE NO. 3:21-CV-842-JD-MGG

STOVAL,

Defendant.

OPINION AND ORDER

Demarcus Poole, a prisoner without a lawyer, is proceeding in this case "against Sgt. Stoval in his individual capacity for compensatory and punitive damages for spraying him with mace not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm and then denying him a shower to remove the mace on July 21, 2021, in violation of the Eighth Amendment[.]" ECF 11 at 3-4. On June 10, 2022, Sgt. Stoval filed a motion for summary judgment, arguing Poole did not exhaust his administrative remedies before filing suit. ECF 22. With the motion, Sgt. Stoval provided Poole the notice required by N.D. Ind. L.R. 56-1(f). ECF 25. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. This deadline passed over four months ago, but Poole has not responded. Therefore the court will now rule on Sgt. Stoval's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Sgt. Stoval provides an affidavit from the Grievance Specialist at Indiana State Prison ("ISP"), who attests to the following facts:[1] During the time of the incident alleged in Poole's complaint, an Offender Grievance Process was in place at ISP. ECF 23-1 at 2. The Offender Grievance Process requires offenders to complete three steps

---

[1] Because Poole has not responded to Sgt. Stoval's summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 23-2 at 3. On July 21, 2021, Poole submitted Grievance 131193, complaining he was sprayed with OC Spray by Sgt. Stoval and never taken to medical. ECF 23-1 at 6-7; ECF 23-4 at 2. On October 21, 2021, the grievance office denied Grievance 131193 on its merits. ECF 23-1 at 7; ECF 23-4 at 1. Poole never appealed the grievance office's denial of Grievance 131193, which is a required step under the Offender Grievance Process. *Id.* Poole never submitted or attempted to submit any other grievance relevant to his claim in this lawsuit. ECF 23-1 at 7.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, Sgt. Stoval has provided undisputed evidence Poole did not exhaust his administrative remedies prior to filing this lawsuit. Specifically, it is undisputed Poole did not appeal the grievance office's denial of Grievance 131193, which is a required step under the Offender Grievance Process. *See* ECF 23-2 at 3. Poole does not provide any evidence that the appeal process was unavailable to him or that he submitted any other relevant grievance. Thus, Sgt. Stoval has met his burden to show Poole did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Sgt. Stoval's summary judgment motion (ECF 22); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Stoval and against Demarcus Poole and to close this case.

SO ORDERED on December 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT